UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C.
_____/

CIVIL CASE NO. 06-14355

HONORABLE STEPHEN J. MURPHY, III

HONIGMAN, MILLER, SCHWARTZ
AND COHN, L.L.P. and JOHN
RICHARDS HOMES BUILDING
COMPANY, L.L.C,

BANKR. CASE NO. 02-54689

Appellants,

v.

KEVIN ADELL,

Appellee.
_____/

**ORDER ACCEPTING THE REPORT AND
RECOMMENDATION AND REVERSING THE BANKRCUPTCY COURT**

INTRODUCTION

The appellants Honigman, Miller, Schwartz and Cohn ("HMSC") and John Richards Homes Building Co., L.L.C ("JRH") have appealed a September 21, 2006 order of the United States Bankruptcy Court for the Eastern District of Michigan.  The bankruptcy appeal was referred for a Report and Recommendation ("R&R") to the Honorable Virginia M. Morgan, United States Magistrate Judge.  On November 19, 2008, the magistrate judge issued her R&R, recommending that the decision of the bankruptcy court be reversed and the case be remanded to the bankruptcy court for a decision on the merits of the request for certain attorney fees.  At that time, the magistrate judge notified the parties that any objections must be filed within ten days of service.  The appellee Kevin Adell filed timely

objections.

Shortly before the magistrate judge issued her R&R, Adell filed a motion for partial dismissal of the appeal. Since the motion for partial dismissal was related to the underlying issues in the bankruptcy appeal, the motion was referred to the magistrate judge. On March 12, 2009, the magistrate judge issued a second R&R recommending that the motion for partial dismissal be denied. Adell again filed timely objections.

For the reasons stated below, the Court overrules both sets of objections presented by Adell, adopts both of the magistrate judge's R&Rs in a manner not inconsistent with this Order, and reverses the decision of the bankruptcy court, remanding this case for a decision on the merits of the request for attorney fees.

## STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). Here, the appellee Adell has filed objections; accordingly, a de novo review is required.

When a bankruptcy court decision is appealed to the district court, the bankruptcy

court's findings of fact are reviewed under a "clearly erroneous" standard, while the bankruptcy court's legal conclusions are reviewed de novo. *Investors Credit Corp. v. Howard P. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993).

## ANALYSIS

This case involves a lengthy and complicated legal battle between JRH and Kevin Adell which has spanned many years and many jurisdictions. The dispute now before the Court arises out of a June 2002 involuntary bankruptcy petition filed by Adell against JRH in the United States Bankruptcy Court for the Eastern District of Michigan. In that case, based on a series of egregious actions on the part of Adell, the bankruptcy court ruled that Adell had filed the involuntary petition in bad faith, and consequently, the involuntary petition was dismissed. Pursuant to 11 U.S.C. § 303(i), upon the dismissal of the involuntary petition, the bankruptcy court awarded judgment in JRH's favor and against Adell in the following manner: $4,100,000 in compensatory damages, $2,000,000 in punitive damages, and $313,230.68 in attorney fees and costs. This judgment was later affirmed by the United States District Court for the Eastern District of Michigan and the United States Court of Appeals for the Sixth Circuit.

Following the entry of the judgment, Adell allegedly attempted to avoid payment of the judgment by, among other things, using his Michigan assets to purchase a $2.8 million Florida house, unsuccessfully claiming Florida's homestead exemption, filing for Chapter 11 bankruptcy in a Florida bankruptcy court, and then later converting his Florida Chapter 11 bankruptcy case to a Chapter 7 case. After all of the actions in Florida were dismissed, Adell paid the judgment in full on April 3, 2006.

On April 21, 2006, HMSC, the law firm representing JRH, filed a "Second Application

for Compensation of Attorney Fees and Expenses" in the Michigan bankruptcy court for the amount of $1,712,974.04.  In the application, HMSC sought those attorney fees and costs which were incurred after the entry of the original judgment dismissing the involuntary petition, and which were incurred in the attempt to recover the judgment through the many subsequent cases and appeals occurring in Michigan and in Florida.  The bankruptcy court denied the application, stating:

> [HMSC] not only seeks attorney fees and costs for the appeals, but for all fees and costs incurred trying to collect the judgment.  HMS&C has offered no legal support for this request.  In light of the caselaw to the contrary, the Court must deny its application for a second award of attorney fees and costs.

*In re John Richards Homes, Co., L.L.C.*, No. 02-54689-R, 2006 WL 3228523, at *2 (Bankr. E.D. Mich. Sept. 21, 2006).  The appellants HMSC and JRH appealed that decision, arguing that the bankruptcy court erred in finding that it could not award attorney fees and costs incurred while trying to collect the judgment.  In her R&R, the magistrate judge found that under § 303(i), a party could seek an award of post-judgment attorney fees.  Accordingly, the magistrate judge recommended that the bankruptcy court ruling be reversed and remanded for a decision on the merits.  The appellee Adell objected, arguing, among other things, that there is no jurisdiction to consider attorney fees and that § 303(i) does not provide for the granting of post-judgment attorney fees.

     The Court has conducted a de novo review of the record, including the extensive briefings submitted by the parties.  Upon this review of the record and of the relevant case law, the Court finds that Adell's objections are without merit and that the reasoning of the magistrate judge is sound and correct.

     As a preliminary matter, the Court finds that the magistrate judge was correct in

concluding that the bankruptcy court retains jurisdiction to consider attorney fees after the dismissal of the involuntary petition. The consideration of attorney fees is a core proceeding arising in a case under title 11, as described by 28 U.S.C. § 157, as it is inextricably intertwined with the bankruptcy case itself, which is undoubtedly a core proceeding. Bankruptcy courts retain jurisdiction of core proceedings following the dismissal of the underlying case and following the payment of the judgment. As the magistrate judge correctly demonstrated in her R&R, case law supports this conclusion. *See, e.g.*, *In re Cooper School of Art, Inc.*, 709 F.2d 1104, 1105-06 (6th Cir. 1983) ("When a bankruptcy court dismisses a petition for involuntary proceedings under Chapter XI for failure to join three or more creditors it does not lose jurisdiction for the purpose of awarding costs and attorney fees."). Adell's arguments that there is no jurisdiction or standing because this is not a core proceeding and because the application was filed not by JRH but by HMSC after the payment of the judgment are entirely unpersuasive.

Satisfied that the bankruptcy court has jurisdiction to consider an application for attorney fees after the dismissal and satisfaction of the judgment of an involuntary petition, the Court now considers the primary question at issue: whether § 303(i) permits the award of post-judgment attorney fees.

The relevant statute states:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment-
>
> > (1) against the petitioners and in favor of the debtor for-
> >
> > > (A) costs;
> > >
> > > (B) a reasonable attorney's fee; or

5

>> (2) against any petitioner that filed the petition in bad faith, for-
>>> (A) any damages proximately caused by such filing; or
>>> (B) punitive damages.

11 U.S.C. § 303(i). Although this statute clearly permits the award of attorney fees when a court dismisses an involuntary petition and issues judgment, the language is not definitive in addressing whether an award of attorney fees can be made for proceedings subsequent to the dismissal and judgment. Since the Sixth Circuit Court of Appeals has not spoken on this issue, the magistrate judge conducted an extensive survey of the case law applying § 303(i). Although there was competing case law, the magistrate judge found that the majority of cases interpreted § 303(i) to permit the award of attorney fees and costs that were incurred after the dismissal of the petition. *See In re Advance Press & Litho, Inc.*, 46 B.R. 700, 703 (Bankr. D. Colo. 1984); *In re Petrosciences Intern., Inc.*, 96 B.R. 661, 665 (Bankr. N.D. Tex. 1988); *In re Atlas Mach. and Iron Works, Inc.*, 190 B.R. 796, 803-04 (Bankr. E.D. Va. 1995); *In re Glannon*, 245 B.R. 882, 894 (D. Kan. 2000). The magistrate judge also found that this interpretation comported with the apparent legislative intent of the statute and with the public policies that the statute was meant to advance. After its own review of the case law, the Court finds that the magistrate judge's interpretation of § 303(i) is correct and it adopts the magistrate judge's analysis in its entirety. Adell's statutory interpretation to the contrary and the case law cited in opposition are not persuasive to the Court. Accordingly, the Court finds that § 303(i) should be interpreted to permit a bankruptcy court to consider attorney fees and costs incurred following the dismissal of an involuntary petition.

In his motion for partial dismissal of the appeal, Adell argues that a recent decision in the Eleventh Circuit Court of Appeals regarding the Florida bankruptcy court proceedings has res judicata or collateral estoppel effect on a portion of the current claim for attorney fees. Adell argues that any claim for attorney fees for post-judgment conduct that occurred in the Florida court proceeding is an issue that could have been brought in the Florida case, was not addressed there, and thus, is precluded from consideration in the current case. In her second R&R, the magistrate judge concluded that Adell had waived his preclusion argument by failing to raise it in timely manner and by failing to address it adequately in the motion, and that in the alternative, preclusion does not apply.

The Court has conducted a de novo review of Adell's motion for partial dismissal. Without ruling on whether Adell's motion was untimely or inadequate, the Court finds that the principles of res judicata and collateral estoppel do not apply in the current situation before the Court. Res judicata is inapplicable because the question whether § 303(i) permits the award of attorney fees following the dismissal and judgment of an involuntary petition is not an issue which was litigated or could have been litigated in the Florida bankruptcy proceeding. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008).[1] Collateral estoppel is inapplicable because the precise issue

---

[1] The Court believes that had the Florida bankruptcy court considered a request for attorney fees in its case pursuant to some other statutory authority, that decision would not have had a directly preclusive effect on the Michigan bankruptcy court as to the amount of post-judgment attorney fees warranted here, but it would certainly have been a factor for the Michigan bankruptcy court to consider when assessing all the circumstances and determining an equitable amount. The Court believes that failure to consider attorney fees recovered elsewhere and from other sources when evaluating the reasonable amount of attorney fees warranted would amount to an abuse of discretion. As it was, the issue of attorney fees was not raised in the Florida bankruptcy proceeding.

7

regarding the proper interpretation of § 303(i) was not raised and actually litigated in the Florida bankruptcy proceeding. *Kosinski v. Comm'r of Internal Revenue*, 541 F.3d 671, 675 (6th Cir. 2008). Accordingly, the Court overrules Adell's objections to the magistrate judge's second R&R and denies the motion for partial dismissal.

## CONCLUSION

In conclusion, the Court finds that the bankruptcy court erred when ruling that it did not have the authority to consider post-judgment attorney fees and costs. The Court will thus reverse the decision of the bankruptcy court and remand it for a decision on the merits of HMSC's application and for a determination of the reasonable amount, if any, of attorney fees and costs. The Court notes that § 303(i) states that "the court *may* grant judgment . . . for . . . a reasonable attorney's fee," but that a bankruptcy court is not required to do so. 11 U.S.C. § 303(i) (emphasis added). The bankruptcy court, in its sound discretion, may determine whether attorney fees are warranted. Of course, the bankruptcy court should consider all circumstances in making an equitable determination whether attorney fees should be granted, including what transpired between the parties in the Florida court proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the appellee's objections [docket entry #39] to the second R&R are **OVERRULED**, that the second R&R [docket entry #38] is **ADOPTED and ACCEPTED** as the opinion of this Court in a manner not inconsistent with this Order, and that the appellee's motion for partial dismissal [docket entry #28] is **DENIED**.

**IT IS FURTHER ORDERED** that the appellee's objections [docket entry #31] to the

first R&R are **OVERRULED** and that the first R&R [docket entry #29] is **ADOPTED and ACCEPTED** as the opinion of this Court in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that the decision of the bankruptcy court is **REVERSED** and that this case is **REMANDED** to the bankruptcy court for a decision on the merit's of HMSC's "Second Application for Compensation of Attorney Fees and Expenses."

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: March 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager